## Case No. 3,907.

### DIKE v. KUHNS et ux.

[5 Pittsb. Leg. J. 239.]

Circuit Court, W. D. Pennsylvania. Nov. 18. 1857.

FEDERAL COURTS—FOLLOWING STATE DECISIONS—REPUBLICATION OF WILL BY PAROL DECLARATIONS.

[1. It is the duty of a federal circuit court, in cases where the state decisions are controlling, as in the construction of a state statute of wills, to take the law as last decided by the highest state court, without attempting to determine on the merits between it and a previous contrary decision by the same court.]*

[2. Under the Pennsylvania statute of 1833 a will may be republished by the testator's verbal declarations, so as to include property acquired after its original execution.]

[This was an action of ejectment brought by Nathaniel P. Dyke against Joseph H. Kuhns and wife to recover a tract of land in Westmoreland county.]

The plaintiff claimed under Mrs. Mary Cust, who was a sister, and one of the heirs at law. of Matthew Jack, deceased. The defendants claimed under the will of the said Matthew Jack, dated in 1828, and devising all his property to his brother William. It was admitted on the trial, that the property in dispute was purchased in 1837, and long after the date of the will, and it was accordingly claimed by the plaintiff, that, as after-acquired property, it did not pass, and that Matthew Jack, the decedent, of course died intestate, as to this and other property. to a large amount. acquired about the same time. The defendants, however, admitting the law to be so, contended and offered to prove that after the acquisition of all this property, the will of Matthew Jack had been republished by his verbal declarations, so as to make it include the property afterwards acquired. The plaintiff objected that although a will might have been so republished under the act of 1705, the law was so changed by the present statute of wills, passed in 1833, as to preclude evidence of this kind. The case was originally tried in the court of common pleas of Westmoreland county, before Judge Knox, now of the supreme court, who was then the president judge of that district. Judge Knox admitted the evidence, and there was a verdict for the defendants. The plaintiff then carried the case to the supreme court of this state, where it was reversed upon an opinion delivered by the then chief justice (Gibson) deciding that since the passage of the act of 1833 a will could not be republished by parol, and that the evidence offered for that purpose was, of course, improperly received. The case was accordingly remanded to Westmoreland county, tried over, and a verdict rendered in favor of the plaintiff, under the decision of the supreme court. It was then brought up again by the defendants to the same court. In the meanwhile, however, by the decease of Judge Gibson in 1853, Judge Knox himself succeeded to his place, and when the case came on for argument the previous decision was reversed by a bare majority of the supreme court, including the new incumbent; Chief Justice Black and Justice Lowrie dissenting. In this state of the law, the plaintiff had recourse to the circuit court of the United States, by bringing the action there, and one of the great questions in the cause was, which of the two decisions of the supreme court of this state was to be considered as the law.

Hon. Thomas Williams and R. C. G. Sproul, for plaintiff.

Gen. H. D. Foster and William A. Stokes, for the defense.

GRIER, Circuit Justice, although intimating that if the question had been a new one, he might have ruled it otherwise, declined the comparison of the merits of the two opinions, on the ground that, sitting here in Pennsylvania. it was his duty, in order to avoid a conflict of opinion. to take the law as he found it last decided. but without expressing an opinion as to what might be his course in case the question should be carried elsewhere. This is about the substance of what he was understood to say. Admitting the evidence, therefore, which was offered to show a parol republication, he instructed the jury that it must be of two witnesses, proving the intention to republish and establishing the identity of the will beyond all question.